UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brian Timms,
    Plaintiff

    vs

Amy Weiss, H.C.A., et. al.,

    Defendants

Case No. 1:08-cv-11

REPORT AND
RECOMMENDATION
(Spiegel, J.; Hogan, M.J.)

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 21), Plaintiff's Memorandum Opposing Summary Judgment (Doc. 24), Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment (Doc. 26).

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Defendants Amy Weiss and Dr. James McWeeney, alleging deliberate indifference to his medical needs. Plaintiff, an inmate currently incarcerated at the Chillicothe Correctional Institute, alleges that, while incarcerated at Lebanon Correctional Institution ("LeCI"), he received inadequate medical care. (Doc. 4, Complaint). Plaintiff alleges that, on September 20, 2007, he was diagnosed with kidney stones by medical staff at the Middletown Regional Hospital ("MRH"). (Id.). Plaintiff alleges that he was admitted overnight at MRH and received "stronger" medication for pain. (Id.). Plaintiff further alleges that, upon his return to LeCI, he was denied "stronger" pain medication. In his deposition testimony, Plaintiff testified that he could not remember what medication, if any, he was given at LeCI. (Doc. 21, Ex. 1, Deposition of Brian Timms). Plaintiff alleges that he was denied pain medication causing him to suffer unnecessary physical pain. Defendants argue that Plaintiff cannot demonstrate what medication, if any, he was denied and has not shown personal involvement in the alleged denial of medication on the part of either Defendant.

# OPINION

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. It is well settled that the conditions under which a prison inmate is confined and the treatment he receives while incarcerated are subject to Eighth Amendment scrutiny. *Helling v. McKinney*, 509 U.S.25 (1993). Once the state incarcerates a person against his will and restrains his liberty so that he is unable to care for himself, the Eighth Amendment imposes on the state and its agents a corresponding responsibility for the inmate's safety and well being. *Id.* at 2480.

In order to state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); see also *Estelle*, 429 U.S. at 106. Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake*, 537 F.2d at 860-61 n.5. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff has provided no evidence in support of his claim that he was denied pain medication by Defendants. Medical records submitted with Plaintiff's memorandum indicate that he was given Tylenol #3 and Ibuprofen for pain.[1] (Doc. 24, Ex. 1 at pp. 1, 5, 7, 8, 13).

The issue is not whether Plaintiff received medical care which he deems "meaningful," but rather whether prison officials and doctors were deliberately indifferent to his medical needs. The medical record reflects that Plaintiff received regular and consistent medical treatment for his condition. Plaintiff was also taken to MRH to receive treatment. While Plaintiff did not receive the pain medication of his choice, he did receive pain medication. Plaintiff's dissatisfaction with the course of treatment is simply not sufficient to state a claim under the Eighth Amendment. *Kirkham v. Wilkinson*, Case No. 03-4045, 2004 WL 1380083 at *2 (6th Cir. 2004)(citing *Estelle*, 429 U.S. at 104-105). Moreover, although Plaintiff disagrees with the treatment he ultimately received, the Court cannot say that such treatment was so "woefully inadequate as to amount to no treatment at all." *Westlake*, 537 F.2d at 860-61 n.5. Accordingly, we find that Defendants' Motion for Summary Judgment (Doc. 25) should be granted.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendants' Motion for Summary Judgment (Doc. 21) be GRANTED.
2) Plaintiff's Complaint be DISMISSED and this case be TERMINATED upon the Court's docket.
3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 9/23/09

Timothy S. Hogan
United States Magistrate Judge

---

[1] The medical records also indicate that Plaintiff refused pain medication, stating that it didn't help. (Doc. 24, Ex. 1, at p.2).

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Brian Timms # 209-153<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 4315 |

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

1:08 cv 11 (Doc. 27)