UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brian Timms,
    Plaintiff

vs

Amy Weiss, H.C.A., et. al.,
    Defendants

Case No. C-1-08-11
(Spiegel, J; Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Relief from Judgment (Doc. 38), Defendants' Memorandum in Opposition to Plaintiff's Motion for Relief from Judgment (Doc. 40), and Plaintiff's Reply thereto (Doc. 41).

On December 10, 2009, Defendants' Motion for Summary Judgment (Doc. 21) was granted and Plaintiff's Complaint was dismissed. (Doc. 32). On March 15, 2010, Plaintiff filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). (Doc. 38).

Rule 60(b) provides that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is

> based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff states that, at the time he filed his Complaint, he was an inmate at Lebanon Correctional Institute (LeCI), but that he subsequently was transferred to Chillicothe Correctional Institution (CCI). Plaintiff contends that despite this transfer, the Court continued to send his mail to LeCI. Thus, Plaintiff argues that he has not received court documents in a timely fashion and consequently has been unable to meet Court ordered deadlines.

Defendants' Motion for Summary Judgment was filed on December 3, 2008. (Doc. 21). A copy of said motion was mailed to Plaintiff at CCI. (Id.). On January 6, 2009, Plaintiff filed a Motion for Extension of Time to File Response to Defendants' Motion for Summary Judgment (Doc. 22). Plaintiff's motion was granted and Plaintiff was given until February 3, 2009 in which to file his memorandum in opposition. (*See* Doc. 23). Thereafter, Plaintiff filed his Response in Opposition to Defendants' Motion for Summary Judgment on January 29, 2009. (Doc. 24). Plaintiff then sough, and was granted, a thirty (30) day extension in which to file Objections to the Court's Report and Recommendation granting Defendants' Motion for Summary Judgment (Docs. 29, 30). Plaintiff failed to file any such Objections.

The Court notes that at no time did Plaintiff file a Notice of Change of Address with the Court nor did Plaintiff cite to problems with his mail as a basis for any previously requested extensions. In the event of a transfer, it is Plaintiff's duty to advise the Court of his new address. Moreover, Plaintiff has met all previous deadlines despite the delays in the delivery of his mail and has failed to show how the most recent delay differs from such. For this reason, we find that Plaintiff has failed to demonstrate that he is entitled to relief from judgment pursuant to any of the criteria under Rule 60(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1) Plaintiff's Motion for Relief from Judgment (Doc. 38) be DENIED.

Date: 5/10/10

Timothy S. Hogan
United States Magistrate Judge

2

## NOTICE TO THE PARTIES REGARDING THE FILING OF
## OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

C:\Documents and Settings\hillaw\Local Settings\Temp\notesC079F1\Timms.recon.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Brian Timms 209-153<br>Chillicothe Corr. Inst.<br>PO Box 5500<br>Chillicothe, OH 45601 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 8299 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-02-M-1540 |

1:08cv11 (Doc. 42)