```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

BRIAN TIMMS,                    :     NO. 1:08-CV-00011
                                :
       Plaintiff,               :
                                :
          v.                    :     **OPINION AND ORDER**
                                :
                                :
AMY WEISS, H.C.A., et al.,      :
                                :
       Defendants.              :

This matter is before the Court on the Magistrate Judge's May 10, 2010 Report and Recommendation (doc. 42). No objection has been filed. For the following reasons, the Court ADOPTS and AFFIRMS the Report and Recommendation in its entirety and DISMISSES this matter from the Court's docket.

**I. Background**

Plaintiff is an inmate in state custody at the Chillicothe Correctional Institution ("CCI") in Chillicothe, Ohio (doc. 38). Prior to his residing at CCI, the Plaintiff was an inmate in the Lebanon Correctional Institution ("LeCI") and he alleges he continued to receive his mail from the Court by way of LeCI in spite of his transfer to CCI (doc. 40). Defendant filed a Motion for Summary Judgment on December 3, 2008 and served a copy of the Motion to Plaintiff at CCI (Id.). Plaintiff responded to Defendant's Motion in a timely fashion after seeking a brief extension (Id.). Thereafter, Plaintiff sought and received a thirty-day extension in which to file objections to the Report and

Recommendation; Plaintiff never filed any objections (Id.). On March 15, 2010, Plaintiff filed the Motion for Relief from Judgment, Federal Rule of Civil Procedure 60(1)(b), arguing delays in the mailings of the court documents to LeCI instead of CCI caused him to miss court-ordered deadlines (doc. 38).

**II. DISCUSSION**

In his Report and Recommendation, the Magistrate Judge reported that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:(1) mistake, inadvertence, surprise, or excusable neglect" (doc. 42, quoting Fed. R. Civ. P. 60(b)(1)). In Williams v. Meyer, 346 F.3d 607, 613 (6th Cir. 2003), the Sixth Circuit Court of Appeals determined that where a party seeks relief from a default judgment, Rule 60(b)(1) should be applied "equitably and liberally . . . to achieve substantial justice." (citing United Coin Meter v. Seaboard Coastline R.R., 705 F.2d 839, 844-45 (6th Cir. 1983) (internal quotations omitted)). In deciding whether relief is warranted, three factors are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense. Williams, 346 F.3d at 613. Culpability is "framed" by the specific language of the rule and "[i]t is only when the [party seeking relief] can carry this burden that he will be permitted to

demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the [other party]." Id.

The Magistrate Judge correctly determined that the Plaintiff has the burden of establishing a valid claim for Relief from Judgment and that this argument fails pursuant to the Federal Rule of Civil Procedure 60(b)(1) (doc. 42). Plaintiff argues that he cannot properly address the Court in a timely fashion, because he does not have the resources for a timely reply due to the delayed notices (doc. 38). The Magistrate Judge noted that Plaintiff never filed a Notice of Change of Address, which Plaintiff is required to do, nor cited problems with his mail as a basis for any previously requested extensions (doc. 42). Also, Plaintiff managed to meet all previous deadlines despite the alleged delays in the delivery of mail and Plaintiff failed to show how the most recent delay differed from any previous delays (Id.). For these reasons, the Magistrate Judge found no basis to grant Plaintiff relief under Federal Rule of Civil Procedure 60(b)(1) and recommended that Plaintiff's Motion for Relief from Judgment be denied (Id.).

**III. CONCLUSION**

The Court, having reviewed the Magistrate Judge's Report and Recommendation, finds it well-taken, correct and unopposed. Accordingly, the court ADOPTS and AFFIRMS such Report and

Recommendation (doc. 42) in its entirety and DENIES Plaintiff's Motion for Relief from Judgment (doc. 38).

SO ORDERED.

Dated: June 30, 2010            /s/ S. Arthur Spiegel
                                                     S. Arthur Spiegel
                                                     United States Senior District Judge